Derbigny, J.
delivered the opinion of the court. When this case was first before us, we decided that we could not exercise our jurisdiction, for the reasons adduced in the opinion then given, and we dismissed the appeals. Since that, an application has been made by one of the parties, who complains that the judge of the first district refused to issue execution on his judgment, and he has prayed for a mandamus to compel him to issue it.
With a view to promote the ends of justice, we ordered a writ to issue, informing the judge, that the appeals in these cases were dismissed, and requiring him to proceed, as if no appeal *299 had been granted, or shew cause why he did not. To this requisition the judge has made an answer, from which it appears that he considers this mandate as insufficient and he expects from this court some explicit order. It has therefore become unavoidable for this court now to declare, whether or not they have a right upon the dismissal of an appeal to issue any mandate to the inferior court.
Hitherto, on such occasions, a desire of facilitating the progress of suits had induced us to send to the inferior court, in the form of a mandate, an information that the appeal was dismissed, and that they could proceed as if no appeal had been claimed. It is obvious that such an information was more in the nature of an advice than in that of a command. A command supposes the authority, in the person commanding, to enforce obedience to his order. Here, if the inferior thought fit to disregard the recommendation of this court, what could be done? Could he be ordered peremptorily to execute his own judgment? No. For that judgment not being the judgment of this court, it had no control over it. This court possesses no general superintending power over the inferior courts. It could not, for example, direct other courts to proceed, in cases in which the matter *300 in dispute is below three hundred dollars, or in suits wherein no appeal was claimed. Neither can it assume such a power in cases in which the appeal has been dismissed. For, where is the difference between a case not appealed from, and one in which the appeal has been annihilated? None certainly, as to what regards the want of authority, on the part of this court to interfere. A case, in which the appeal has been dismissed, because this court could not exercise jurisdiction over it, owing to some insufficiency or illegality in the proceedings, does not differ in this respect, from one in which the court declares that it has no jurisdiction at all. Both are as completely without its reach, as if they had never come up.
We are aware that the practice of the supreme court of the United States, in cases of this kind, is to send to the inferior court a mandamus directing them to proceed. But that court is by law authorised to issue writs of mandamus generally "in cases warranted by the principles and usages of law to any court appointed, or to persons holding offices under the authority of the United States.” No power of this sort is given to this court. It cannot issue any other mandates than those which are necessary to the exercise of its appellate jurisdiction.
Turner for the plaintiffs. Duncan for the defendant.
Disclaiming, therefore, any right to interfere any farther in suits in which the appeal is dismissed, we will henceforward forbear sending any instruction to the inferior courts as to the conduct which they are to pursue in such cases. Our sentiment on the effects of a dismissal, so far as it may influence their conduct is sufficiently made known by the recommendations, in force of mandates, which we have offered in such instances, and by the opinion we gave in the case of Clark’s Ex’s vs. Farrar, 3 Martin, 212, that the appeal does not extinguish the judgment of the inferior court: and that in cases in which the appeal is set aside, the parties are replaced in the same situation, in which they were before any appeal was claimed.
It is ordered that the conditional mandate be rescinded and annulled.